## KELLY v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York.
Aug. 4, 1933.

Richard Kelly, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (by Harry A. Herman, Asst. U. S. Atty., of New York City), for defendant.

GODDARD, District Judge.

This motion for summary judgment raises the question whether article 39 of Treasury Regulation 65 should be applied to the sale of stock in a corporation which has increased its authorized capitalization and for the increase of which stockholders had acquired rights, or whether the method prescribed by Treasury Regulations 69 and 74, articles 39 and 58, respectively, should be applied. It is conceded that this latter regulation is not retroactive and that the regulation in effect at the times mentioned is the earlier regulation 65.

 The contention of the plaintiff is that while regulation 65 would ordinarily apply,

the method prescribed in that regulation is unreasonable and is an unjust method of computing the loss sustained by the plaintiff's testator when he sold the new stock in 1920 and 1921. If the method prescribed by article 39 of Treasury Regulation 65 is reasonable, this motion must be denied, although the subsequent regulations define with greater exactness and fairness, perhaps, how a gain or loss should be computed, even if the application of the more recent method benefits the taxpayer. In Miles v. Safe Deposit & Trust Co., 259 U. S. 247, 42 S. Ct. 483, 66 L. Ed. 923, although there was a slight difference in the method, it was accepted for determining the basic cost of a share of stock of a corporation whose capital was subsequently increased. While it is true the question there was the amount of profit derived from the sale of "rights,", however, to determine that question the court was required to find the basic or adjusted cost of each share of the new stock. The difference here is that the Commissioner in reaching this "adjusted cost" took the "acquisition price" of $250 per share as a basis. If the Commissioner had followed the method approved in the Miles Case, he would have started at $300 as the basic figure. The adjusted cost of each share of new stock would then have been $183.33 instead of $170.83. This difference is not large enough to justify a ruling that the method here followed was altogether unfair. The figure of $300 is taken here either as of the March 1, 1913, value or the value at the time of increase of capitalization. However, it does not appear in the papers what the value either of the shares or of the rights was; if this is important it should be shown upon the trial. Moreover, there is no means of determining from the pleadings and papers now before the court what the result would have been if the adjusted cost was $183.33. It is stated that the testator relinquished his right to subscribe to stock at $150 per share, but there is nothing to show whether he subscribed to any stock at $100 per share. If he did so, that fact should be taken into consideration in determining the gain or loss upon the sale of the stock after the recapitalization.

While it is true that in the case of Edward Stephen Harkness, 21 B. T. A. 1068, the Board of Tax Appeals stated "This old modified regulation has nothing to recommend it for use in this case," the facts in that case were extraordinary.

I think the motion for a summary judgment should be denied and proof made on trial of the remaining facts necessary to de-

termine the reasonableness of the method as applied in the case.

Accordingly the motion is denied.